UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-20597

COURTNEY MCLEOD,

     Plaintiff,

vs.

CHEF CREOLE SEASONED KITCHENS, INC.
AND WILKINSON SEJOUR,

     Defendants.
_____/

## **COMPLAINT**

     Plaintiff, Courtney Mcleod, sues Defendants, Chef Creole Seasoned Kitchens, Inc. and Wilkinson Sejour, as follows:

### *Parties, Jurisdiction, and Venue*

     1.    **Plaintiff, Courtney Mcleod**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

     2.    **Defendant, Chef Creole Seasoned Kitchens, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

     3.    **Defendant,  Wilkinson  Sejour,** was  at  all  times  material  an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

1

4.       This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

5.       Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6.       Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7.       Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Courtney Mcleod, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8.       Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9.       Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10.       Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, seafood, beverages, beers, wines, and/or alcoholic beverages, and products

2

that have moved through interstate commerce.

11.     Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, ovens, ovens, refrigerators, and materials that also have moved through interstate commerce.

12.     Defendants also engage in e-commerce through the internet on their website, https://www.chefcreole.com/, wherein they accept orders and payments for shipment of marinades, spices, and other items in interstate commerce.

13.     Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state vendors.

14.     Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

15.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

16.     Plaintiff was a non-exempt employee of Defendants.

17.     Plaintiff consents to participate in this lawsuit.

18.     In particular, Defendants own and operate an chain of restaurants in South Florida while using paper, furniture, phone systems, machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, food, produce, ovens, etc., goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

19.     Plaintiff worked for Defendants as a "server" from approximately March 2019 through February 4, 2020 and again from December 28, 2021, to January 26, 2022.

20.     Plaintiff's job duties involved taking orders, serving food, and accepting payments.

21.     In connection with his accepting credit card payments, Plaintiff would regularly and routinely process credit cards from customers, which would involving Plaintiff's regularly and recurrently transmitting electronic information to locations outside of the State of Florida.

22.     Defendants agreed to pay Plaintiff at a rate of $10.00 per hour, plus tips.

23.     Plaintiff worked for Defendants, Chef Creole Seasoned Kitchens, Inc. and Wilkinson Sejour,  from about March 2019 through February 4, 2020 and again from December 28, 2021, to January 26, 2022.

24.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

25.     Defendants controlled all job-related activities of Plaintiff.

26.     Defendants coordinated all job-related activities of Plaintiff.

27.     Defendants supervised Plaintiff's work.

28.     Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that he worked by failing to timely pay him at least a minimum wage for the hours that he worked for Defendants from December 28, 2021, to January 26, 2022 by paying him for only two of these four weeks.

29.     As a direct and proximate result of Defendants' violation(s) of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

30.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated

4

the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

31.     Plaintiff is entitled to a backpay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Courtney Mcleod, demands the entry of a judgment in Plaintiff's favor and against Defendants, Chef Creole Seasoned Kitchens, Inc. and Wilkinson Sejour, jointly and severally, after trial by jury and as follows:

a.     That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recover all interest allowed by law;

e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.     That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.     Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## <u>COUNT II - FLSA OVERTIME WAGE VIOLATION(S)</u>

Plaintiff, Courtney Mcleod, reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

32.     Plaintiff typically worked anywhere from 42 to 44 hours each week for Defendants, and sometimes more.

33.     Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

34.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

35.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

36.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Courtney Mcleod, demands the entry of a judgment in Plaintiff's favor and against Defendants, Chef Creole Seasoned Kitchens, Inc. and Wilkinson Sejour, jointly and severally after trial by jury, and as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (Against Chef Creole Seasoned Kitchens, Inc.)

Plaintiff, Courtney Mcleod, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

37. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that he worked and earned, but did not receive.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014);

---

[1]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

*Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

38.    Plaintiff and Defendant, Chef Creole Seasoned Kitchens, Inc., agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him at a rate of $10.00 for each hour that worked.

39.    Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

40.    Defendant, Chef Creole Seasoned Kitchens, Inc., however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $10.00 for each of hour work performed for Defendant from December 28, 2021, to January 26, 2022.

41.    Plaintiff has been damaged as a result of this Defendant's failure to pay him in full for the work performed between December 28, 2021, to January 26, 2022, in a timely manner.

WHEREFORE Plaintiff, Courtney Mcleod, demands the entry of a judgment in her favor and against Defendant, Chef Creole Seasoned Kitchens, Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Against Chef Creole Seasoned Kitchens, Inc.)

Plaintiff, Courtney Mcleod, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884    FAX 305.230.4844
*www.fairlawattorney.com*

42.     Through this claim, Plaintiff seeks recover of the "pure gap time" wages that he worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

43.     Plaintiff provided labor and services for Defendant, Chef Creole Seasoned Kitchens, Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

44.     Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

45.     Plaintiff provided services on behalf of Defendant, Chef Creole Seasoned Kitchens, Inc., for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

46.     Defendant, Chef Creole Seasoned Kitchens, Inc., was unjustly enriched in that it failed and refused to make payment to Plaintiff in full for the benefits conferred upon it from December 28, 2021 to January 26, 2022.

WHEREFORE Plaintiff, Courtney Mcleod, demands the entry of a judgment in his favor and against Defendant, Chef Creole Seasoned Kitchens, Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees

---

[2]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Courtney Mcleod, demands a trial by jury of all issues so triable.

Respectfully submitted this 28th day of February 2022,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*